The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lorrie Dollar. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at the relevant time.
2. Aetna Casualty Surety Company was the carrier on the risk.
3. The employment relationship existed between the parties on March 3, 1993.
4. The plaintiff sustained an admittedly compensable injury to his left arm on March 3, 1993, as a result of which the parties entered into a Form 21 Agreement for Compensation. At the time of the injury, the plaintiff's average weekly wage was $200.00, which yields a compensation rate of $133.34. Pursuant to the Form 21, the plaintiff was paid temporary total disability compensation for fifty-five weeks from March 10, 1993 through March 29, 1994.
5. Pursuant to the Form 26 Agreement, the plaintiff was paid thirty-six weeks of permanent partial disability compensation, which represented the sum due as a result of the fifteen percent rating to the left arm.
6. The plaintiff has not received temporary total disability benefits from July 5, 1994 to the present.
7. The issues for determination are:
a. Did the plaintiff suffer a change of condition within the meaning of N.C. GEN. STAT. § 97-47?
b. Is the plaintiff entitled to further benefits from July 5, 1994?
8. The parties stipulated one hundred and eleven pages of medical and rehabilitation records into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a thirty-eight year old male.
2. As a result of the admittedly compensable injury, the plaintiff was diagnosed as having subacromial impingement syndrome of the left acromial clavicular joint, for which he underwent decompression surgery by Dr. James Thompson on September 1, 1993.
3. Dr. Thompson released the plaintiff to return to work on January 27, 1994, following physical therapy; and he restricted plaintiff to lifting not over forty pounds.
4. On March 24, 1994, the plaintiff asked Dr. Thompson to release him to return to work, and he noted plaintiff showed a marked improvement. Dr. Thompson found plaintiff had reached maximum medical improvement at that time, and plaintiff was released to return to work with no restrictions and was rated as having a fifteen percent permanent partial impairment to the left arm.
5. Bruce Holt, R.N., of Comprehensive Rehabilitation Associates, was retained by the defendants in June of 1993 to perform medical management of plaintiff's case. The plaintiff reported on three occasions to Mr. Holt that he did not intend to return to work with the defendant-employer, but that he intended to work in his father's wholesale produce business. Therefore, Mr. Holt did not refer the plaintiff for vocational assistance.
6. On April 11, 1994, the plaintiff reported to Mr. Holt that he had begun working in his father's business.
7. On July 12, 1994, the plaintiff returned to Dr. Thompson, complaining of increased pain in his left shoulder region, after working in a produce market, lifting heavy boxes and bags of produce. The plaintiff could not recall any specific trauma. X-rays showed no changes and no osteophyte formation since March of 1994. The plaintiff returned to using a TENS unit.
8. On August 10, 1994, after two injections to the subacromial bursa, Dr. Thompson concluded that the plaintiff was again developing left subacromial impingement syndrome.
9. On August 18, 1994, the plaintiff returned to Dr. Thompson, complaining of incapacitating left shoulder pain. He requested additional surgery, which was scheduled for August 31, 1994. This surgery was not performed, after it was not authorized by the carrier.
10. On October 11, 1994, the plaintiff returned to Dr. Thompson, with no changes in his symptoms.
11. On November 10, 1994, the plaintiff was seen by Dr. Thompson with complaints of severe left elbow pain. Dr. Thompson recommended surgery as an option.
12. The plaintiff did not return to Dr. Thompson after the November 10, 1994 visit.
13. On July 20, 1995, the plaintiff went to Dr. Robert Francis, where he presented complaints of left shoulder pain and neck pain.
14. Dr. Thompson has opined that impingement syndrome does not typically recur without a new injury or strain to the shoulder and that plaintiff's history of lifting produce was more likely than not the basis upon which plaintiff had sustained a recurrence of the previous problem.
15. No physician has taken the plaintiff out of work since March 24, 1994.
16. In the late fall of 1995, the plaintiff was capable of using both hands to shell beans for approximately one hour, and using both arms to lift bushel baskets of apples and load them into pick-up trucks, lifting a large burlap bag of produce and placing it in the truck bed, and lifting large boxes of apples to place them in the truck.
17. The greater weight of evidence in the record suggests that the plaintiff has not sustained a change of condition, or in the alternative, any change in symptoms was as a result of the heavy lifting of produce at his father's business.
18. The plaintiff voluntarily chose to work for his father's business rather than have the defendants' undertake vocational rehabilitation. The plaintiff testified that he did not receive pay for this work, but did receive room and board and financial assistance as needed.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff has failed to carry the burden of proof to establish that he sustained a substantial change of condition as a result of the admittedly compensable injury. N.C. GEN. STAT. § 97-47.
2. Any change of plaintiff's wage earning capacity was due to plaintiff's choice to begin working in his father's business and not due to any incapacity to earn wages as a result of the compensable left shoulder injury. N.C. GEN. STAT. § 97-29.
3. Plaintiff is entitled to receive medical treatment as reasonably necessary for her admitted compensable injury. N.C. GEN. STAT. § 97-25.
* * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim is, and under the law must be, DENIED.
2. Defendants shall pay all medical bills relating to plaintiff's admittedly compensable injury.
3. Each side shall pay its own costs.
 S/ ______________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ ______________________ LAURA K. MAVRETIC COMMISSIONER
S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
CMV/cnp/rst 2/25/97